952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherman HADDOCK, Plaintiff-Appellant,
v.
COUNTY OF LOS ANGELES, Defendant-Appellee.
 No. 90-56171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherman Haddock, a California state prisoner, appeals pro se from the district court's summary judgment in favor of the County of Los Angeles and denial of his motion to file a third amended complaint in this 42 U.S.C. § 1983 action. In his second amended complaint, Haddock alleged that he was falsely imprisoned because the defendant "tolerated or maintained a policy, custom and practice of retaining all persons in custody unless a court order clearly indicated that the person should be released from custody or taken to court. If an order was ambiguous, then no investigation would be made to clarify said order." We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Haddock's contention that the district court erred in granting summary judgment lacks merit.
 
 
 4
 A municipality will not be found liable under section 1983 for the constitutional violations of its officials unless the plaintiff has demonstrated that the action inflicting injury flowed either from an explicitly adopted or tacitly authorized municipal policy. Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). A municipal policy exists when an official with final policy making authority chooses a deliberate course of action from among various alternatives. Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986).
 
 
 5
 Here, Haddock's conclusory allegations fail to raise a genuine issue of material fact that the County of Los Angeles has a policy of ignoring the complaints of inmates who believe that they have been wrongfully detained. In fact, the record indicates that the defendants have a policy to investigate and resolve questions and claims that an inmate has been improperly detained or committed. Accordingly, the district court properly granted summary judgment in favor of the County of Los Angeles.
 
 
 6
 Haddock's contention that the district court erred in denying him leave to file a third amended complaint also lacks merit.
 
 
 7
 Fed.R.Civ.P. 15(a) provides that a trial court should grant leave to amend "freely when justice so requires." In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir.1989). Leave to amend need not be given if a complaint, as amended, is subject to dismissal. Id.
 
 
 8
 Here, given Haddock's repeated failure to cure the deficiencies of his complaint, the potential for prejudice to the defendants, and the vague and conclusory nature of the third proposed amended complaint, the district court did not abuse its discretion. See id.
 
 
 9
 Finally, Haddock's contention that the district court abused its discretion in denying his Fed.R.Civ.P. 59(e) motion for reconsideration fails because he did not offer any new evidence to support the motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3